IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THOMAS J. RAYMOND,                    )
                                      )
            Plaintiff,                )
                                      )
    v.                                )        Civ. No. 12-151-GMS
                                      )
EUSEHIO RODRIQUEZ, et al.,            )
                                      )
            Defendants.               )

## **MEMORANDUM**

The plaintiff, Thomas J. Raymond ("Raymond"), an inmate at the James T. Vaughn

Correctional Center, Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 6.)

## I.    **BACKGROUND**

The plaintiff filed a complaint and amendments raising failure to protect claims, pursuant

to 42 U.S.C. § 1983, against the defendants Sgt. Dorian George ("George") and C/O Jason

Foraker ("Foraker) and a State assault claim against inmate Eusehio Rodriquez ("Rodriquez").

(D.I. 3, 8.)  To date, Rodriquez has not been served.

Currently pending before the court are several motions filed by Raymond including a

motion for release from isolation (D.I. 53); motion to compel (D.I. 54); motion for a disposition

of the case (D.I. 55); motion to find Rodriquez guilty (D.I. 56); request for counsel (D.I. 68);

motion for summary judgment (D.I. 75); motion to reopen all cases (D.I. 78); and motion to

amend Raymond's reply to the State defendants' answer (D.I. 79).

## II.   MOTION FOR INJUNCTIVE RELIEF

Raymond moves for release from his current housing assignment where he was moved following a guilty finding for violations of prison rules.  (D.I. 53.)  In essence, he seeks injunctive relief.

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest.  *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted).  "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'"  *Id.* (citations omitted).  Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.  *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement.  *See Wilkinson v. Austin*, 545 U.S. 209, 221-222 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  Moreover, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."  *Meachum*, 427 U.S. at 225.

2

Raymond has no constitutional right to be transferred from his current housing assignment to the housing assignment of his choice. Therefore, his motion will be denied.

## III.    MOTION TO COMPEL

Raymond moves to compel medical providers to produce photographs taken of him following the November 15, 2011 assault. (D.I. 54.) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Raymond's motion is premature. It does not appear that he has sought the requested discovery utilizing the appropriate discovery rules as outlined in the Federal Rules of Civil Procedure. In addition, a scheduling discovery order has not yet been entered. Therefore, the court will deny the motion as premature.

## IV.    MOTION FOR DISPOSITION AND MOTION FOR SUMMARY JUDGMENT

Raymond moves for a finding in his favor and against Rodriquez, and an award of damages, based upon a report authored by Foraker. (D.I. 55.) In addition, Raymond moves for summary judgment against Rodriquez on the ground that Rodriquez has not answered the complaint. (D.I. 75.) It is not clear that, to date, Rodriquez has been served. He did not return the waiver of service nor has he entered his appearance. Accordingly, the motions will be denied as premature. In addition, the court will enter a supplemental service order in an attempt to effect service upon Rodriquez.

3

## V.    CRIMINAL FINDING

Raymond moves the court to find Rodriquez "guilty as charged." (D.I. 56.) The court will deny the motion. The motion is frivolous. This is a civil, not a criminal, case.

## VI.    REQUEST FOR COUNSEL

Raymond requests counsel. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Raymond's request, the court concludes that the case is not so factually or legally complex that representation by an attorney is warranted. To date, the filings in this case demonstrate Raymond's ability to articulate his claims and represent himself. His requests

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

for counsel were previously denied, and nothing has changed to warrant representation. Thus, in these circumstances, the court denies without prejudice to renew Raymond's request for counsel. (D.I. 68.)  Should the need for counsel arise later, the issue can be addressed at that time.

## VII.   MOTION TO REOPEN

Raymond has filed a renewed motion to reopen his closed cases Civil Numbers 12-11-RGA through 12-535-RGA. (D.I. 78.)  Raymond previously moved to reopen these cases and his motions were denied. Moreover, this case is open and, therefore, the motion is inapplicable to this case. Accordingly, the court will deny the motion.

## VIII.   MOTION TO AMEND

Raymond moves to amend his response to the defendants' answer to the complaint. (D.I. 79.) There is no provision in the Federal Rules of Civil Procedure for a plaintiff to file a response to a defendant's answer to a complaint. The motion will be denied as unnecessary.

## IX.   SERVICE

Service has been attempted, but not effected, upon Rodriquez. Therefore, the court will enter a supplemental service order.

## X.   CONCLUSION

For the above stated reasons, the court will deny Raymond's motions (D.I. 53, 54, 55, 56, 68, 75, 78, 79). The court will enter a scheduling order and a supplemental service order.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 13    , 2013
Wilmington, Delaware

5